UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON L. SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____/ | CASE NO. 1:13-cv-2030 LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE<br><br>(Doc. 1) |

Plaintiff Byron L. Scott ("Plaintiff"), a prisoner appearing pro se, filed this action against the United States of America ("Defendant") in which he seeks the renunciation of his citizenship. (Doc. 1).

**BACKGROUND**

Plaintiff is currently incarcerated at the Wasco State Prison located in Kern County, California. In his complaint, Plaintiff alleges that he is a sovereign American free from the rights and obligations of any contract, commercial agreement, or bankruptcy.[1] (Pl's. Complaint ("Compl.") ¶ 7). While it is not entirely clear, Plaintiff appears to allege that he should not be subject to any bankruptcy proceedings under federal law because based on his personal sovereignty he is not a citizen of the United States. Based on this belief, in January 2012, Plaintiff sent a "Declaration of Certificate of

---

[1] The Ninth Circuit has described complaints based on the "sovereign citizen" belief system as "utterly meritless," "patently frivolous," and "now the basis for serious sanctions." *United States v. Powell*, 1995 U.S. App. LEXIS 1944 (9th Cir. 1995). Other courts have described "sovereign citizens" as a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior. *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992).

1

Sovereign Status" to the United States Department of Justice and the Department of Homeland Security informing both agencies that he wanted to renounce his United States citizenship. (Compl. ¶ 4; Exhs. A, B & D of Complaint). In July 2013, the Civil Division of the Justice Department responded to Plaintiff, acknowledging that it had received his administrative tort claim dated May 16, 2013. (Exh D. of Complaint.) However, to date, Plaintiff has not been allowed to renounce his citizenship. Plaintiff alleges that Defendant's negligence in either "refusing or neglecting to respond to his Application and Notice of Renunciation of Nationality," "denied [him] the liberty to redress any appearance of being indebted to the government." Compl. ¶ 9-10, 23. As a result, Plaintiff filed this action for damages and a court order renouncing his citizenship to the United States.

## DISCUSSION

**A.     Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se in civil actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at

678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**B.    Plaintiff Fails to State a Claim because the United States is Immune from Suit**

Plaintiff names the United States of America as the sole Defendant in this suit. It is well-established that "the United States is a sovereign entity and may not be sued without its consent." *See, e.g., United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *United States v. Shaw*, 309 U.S. 495, 500-501 (1940). Absent its consent to suit, a federal court lacks subject-matter jurisdiction over a claim against the United States and the "action against the United States must be dismissed." *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). A waiver of sovereign immunity cannot be implied; rather, it must be unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Here, the United States has not waived sovereign immunity and consented to this suit. *See Cato v. United States*, 70 F.3d 1103, 1110 (9th. Cir. 1995).

To the extent Plaintiff alleges claims against the Department of Homeland Security in addition to the United States, any action brought against a federal agency, such as the Department of Homeland Security, is effectively one brought against the United States. *See, e.g., Dugan v. Rank*, 372 U.S. 609, 620 (1963). As an agency of the United States, the Department of Homeland Security possesses the same sovereign immunity as the United States. Therefore, neither the United States of America nor the Department of Homeland Security can be sued absent an express waiver of that immunity. *State of Neb. ex rel. Dep't. of Soc. Servs. v. Bentson*, 146 F.3d 676, 679 (9th Cir. 1998).

Additionally, the Court notes that Plaintiff's case is nearly identical to *Taylor v. United States Dep't of State*, 2010 U.S. Dist. LEXIS 111618 (E.D. Cal. Oct. 20, 2010). In *Taylor*, the Court considered an action filed by a prisoner plaintiff who sought to renounce his United States citizenship. The State Department refused to relieve Plaintiff of his citizenship status because it determined that in order for Plaintiff to renounce his citizenship, he must make his formal renunciation of his nationality while in a foreign state. *Id.* at *2. Plaintiff sued and the Court dismissed Plaintiff's complaint based

in part on the doctrine of sovereign immunity. *Id*. at *4; *Taylor v. United States Dep't of State*, 2010 U.S. Dist. LEXIS 143619 (E.D. Cal. Nov. 2, 2010).

As in *Taylor*, this case should be dismissed on the basis of sovereign immunity. Therefore, this Court recommends that the matter be DISMISSED against the United States of America based upon sovereign immunity.

### C. Plaintiff fails to state a claim because he has no right to renounce his citizenship

Further, Plaintiff has not stated a cognizable claim because as a legal matter he is unable to formally renounce his citizenship while he is incarcerated. A United States citizen has the right to renounce his citizenship. *Nishikawa v. Dulles*, 356 U.S. 129, 139 (1958). Congress has broad authority over the circumstances and the procedures a citizen must satisfy to expatriate. Article I, Section 8 of the Constitution establishes that "Congress shall have power ... To establish a uniform Rule of Naturalization." This Constitutional mandate empowers Congress to define "the processes through which citizenship is acquired or lost," to determine "the criteria by which citizenship is judged," and to fix "the consequences citizenship or noncitizenship entail." *Davis v. District Director*, INS, 481 F.Supp. 1178, 1183-84 n. 8 (D.D.C.1979) (citation omitted). Congress has set forth how a United States citizen may lose or surrender his citizenship. Title 8 of the United States Code, section 1481 reads,

> (a) A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality
>
> (5) making a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state, in such form as may be prescribed by the Secretary of State; or
>
> (6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense.

However, courts have held that a prisoner has no right to extraordinary expatriation procedures. In *Koos v. Holm*, 204 F.Supp.2d 1099, 1108 (W.D. Tenn. 2002), the plaintiff was a federal inmate who attempted to renounce his citizenship and sought judicial assistance once he was refused a Certificate of Loss of Nationality. *Id.* at 1108. In denying relief, the court determined that *Koos* lost his right to renounce his citizenship while he remained a prisoner. *Id.* "After Koos fully serves his sentence, he is free to travel to another country and renounce his citizenship to a United States Consular Officer. As he is a prisoner at this time, he may not exercise this right." *Id.*; *see also Persson v. United States Department of State,* 2011 U.S. Dist. LEXIS 41711, 2011 WL 1464387, *2 (C.D. Cal. Mar 22, 2011) (*citing Koos*, 204 F.Supp.2d at 1108); *Taylor,* 2010 U.S. Dist. LEXIS 111618 at *3 ("[T]here is no way for Plaintiff to formally renounce his citizenship while he is incarcerated in the United States and he does not have a right to travel to another country while he is incarcerated in order to renounce his citizenship.")

Here, Plaintiff is unable to formally renounce his citizenship because he does not have a right to travel to another country while he is incarcerated in order to renounce his citizenship. Further, he cannot make the necessary appearances before an Attorney General designee. Until Plaintiff has served his sentence, he will not be free to perform the acts needed to renounce his citizenship. *See Koos*, 204 F.Supp.2d at 1108; *Taylor,* 2010 U.S. Dist. LEXIS 111618, 2010 WL 4225535, at *3. ("[T]he Court finds that due to his incarceration, Plaintiff has lost his right to renounce his citizenship under 8 U.S.C. § 1481(a)(5)."). For these reasons, Plaintiff cannot state a cognizable claim and dismissal with prejudice is warranted.[2]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days

---

[2] Although the Court is normally hesitant to dismiss a complaint without leave to amend at the screening stage, it is clear from the pleadings before the Court that there is no possibility that Plaintiff could state a cognizable claim if granted leave to amend and, therefore, dismissal with prejudice is appropriate.

after being served with these findings and recommendations, Plaintiffs may file written objections with the Court. Fed. R. Civ. P. 72(b); Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 20, 2014**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE